## Dahms v. Martino

*James Peck*, for defendant.

FORREST, J., June 3, 1953.—This matter comes before us upon a writ of certiorari issued to Francis X. Walsh, one of the justices of the peace of this county to return to this court his record wherein he recorded judgment to plaintiff. One of the contentions of defendant is that the record of the case, as certified to this court, contains a fatal procedural error in that the summons was in assumpsit and in accordance with the affidavit of the justice of the peace attached to the transcript it is stated:

"In Action of Dahms v. Martino *Action in Assumpsit was changed to Action in Trespass on the return date* viz: November 18, 1952 at 10.00 A. M. (before hearing the testimony of the Plaintiff)." (Italics supplied.)

The case of Fahnestock v. Bushey & Co., 5 Lanc. 57, is strikingly similar. In that case the summons was issued in assumpsit and the justice of the peace amended the caption "so as to read an action of trespass" and then the case was proceeded with as though it were an action in trespass and judgment given to plaintiff. On appeal to the court of common pleas of that county the judgment was reversed and set aside. Although that case is antiquated, the reason of the principle upon which it was decided still applies. Let us assume that plaintiff here had two claims against defendant, one for goods sold and delivered, which defendant does not dispute and the other consisting of damages arising from an automobile collision, which defendant does dispute; when he is served with a summons in assumpsit he naturally concludes that it is issued on the former claim and he defaults in appearance and answer, feeling that it would be futile to attend the hearing. Whereas, if he knew the proceedings were being changed to trespass he would have appeared and defended.

This is a practical application of the reason lying back of such decision. It might be argued that if that were the case defendant should have stated it as being the basis for his appeal. However, the question here is whether the record itself discloses any error and, accordingly, neither plaintiff nor defendant can go dehors the record. Accordingly, such an argument could not be interposed by defendant. Furthermore, a judgment on an action before a justice of the peace sounding in assumpsit where the proof is in trespass will not be sustained: Simms v. Griest, 67 D. & C. 88, 90 (1949).

And now, June 3, 1953, the judgment entered by the justice of the peace in this case is reversed and set aside.